UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
WILLIAM ISOM,                    :     CASE NO. 4:04 CV 1130
                                 :
          Petitioner,            :
                                 :
vs.                              :     OPINION & ORDER
                                 :     [Resolving Doc. No. 1]
UNITED STATES OF AMERICA,        :
                                 :
          Respondent.            :
                                 :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order, the Court decides whether to adopt the Magistrate Judge's Report and Recommendation that the Court deny Petitioner William Isom's ("Isom") motion to vacate, set aside, or correct his sentence. [Doc. 1.] For the reasons presented below, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DENIES** the Petitioner's motion to vacate, set aside, or correct his sentence.

I. Background

On January 9, 2002, a federal grand jury indicted William Isom for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, conspiracy to attempt possession with the intent to distribute two kilograms of cocaine. After a one day bench trial the district court found Isom guilty and, on September 6, 2002, sentenced Isom to 121 months incarceration, followed by eight years of

Case No. 4:04 CV 1130
Gwin, J.

supervised release and a special assessment of $100. The Sixth Circuit subsequently affirmed both Isom's conviction and sentence on direct appeal. *United States v. Isom*, 72 Fed. Appx. 372, 2003 WL 21920026 (6th Cir. 2003).

With the instant petition, Isom again challenges his conviction and sentence pursuant to 28 U.S.C. §2255. In his original § 2255 petition, Petitioner Isom presented six grounds for relief, including:

> ISSUE 1: Whether William Isom's counsel was constitutionally effective regarding Mr. Isom's offense of conspiracy to possess with intent to distribute cocaine, if the evidence in this case was sufficient enough for the alleged unconstitutional conviction?
> ISSUE 2: Whether the United States District Court erred by enhancing William Isom's offense level by two (2) levels for obstruction of justice pursuant to U.S.S.G. 3.C1.1?
> ISSUE 3: Whether Counsel was constitutionally effective by failing to object to the trial court's abuse of discretion in ordering consecutive illegal sentences?
> ISSUE 4: Whether William Isom's Counsel was constitutionally effective by improperly failing to challenge the interstate nexus on Mr. Isom's drug charge:
> ISSUE 5: Whether William Isom's Counsel was constitutionally ineffective by improperly failing to challenge certain inaccuracies in an affidavit that failed certain inaccuracies in an affidavit that failed to support the search warrant issued for Petitioner's residence?
> ISSUE 6: Whether William Isom's Counsel was constitutionally ineffective by failure to raise a Batson challenge during jury selection?

[Doc. 1.] Additionally, the Petitioner filed a supplemental memorandum on July 6, 2004, and an amended supplemental motion to vacate on August 4, 2004, both of which raised an additional ground for relief focused on alleged sentencing errors in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *U.S. v. Booker*, 543 U.S. 220 (2005).

On June 21, 2004, the Court referred Isom's petition to United States Magistrate Judge James S. Gallas for a Report and Recommendation. [Doc. 6.] On July 17, 2007, Magistrate Judge Gallas

Case No. 4:04 CV 1130
Gwin, J.

completed his report and recommended that the Court deny the Petitioner's motion for relief. [Doc. 18.]  Neither party objects to the Magistrate's Report and Recommendation.

## II. Legal Standard & Analysis

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report to which an objection has been made. *See* 28 U.S.C. § 636(b)(1).  As noted in Magistrate Judge Gallas's Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance.  [Doc. 18.]  Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allowed. *Id.* (citations omitted).

Here, more than ten days have elapsed from the issuance of Magistrate Judge Gallas's Report and Recommendation and neither party objects to his Recommendation.  Having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of Magistrate Judge Gallas and adopts the Report and Recommendation as its own.  Therefore, the Court incorporates the Magistrate's findings of fact and conclusions of law fully herein by reference.  Accordingly, the Court denies the Petitioner's Section 2255 motion.

## III. Conclusion

For the reasons discussed above, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DENIES** the Petitioner's Section 2255 motion.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that no basis exists upon which to issue a certificate

Case No. 4:04 CV 1130
Gwin, J.

of appealability.  *See* 28 U.S.C. § 2253(c).  *See also* FED. R. APP. P. 22(b).

       IT IS SO ORDERED.


Dated: August 16, 2007                      s/      *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE